**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| TROY CRUMBLEY, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO.: 1:08-CV-65 (WLS) |
| | : | |
| WARDEN KEVIN ROBERTS, *et al.*, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Presently pending before the Court is Motion for Entry of Final Judgment as to Fewer Than All Defendants, filed by Defendants Dannie Thompson, Christine Cross, Jerry Jefferson, Eula Battle, Anthony Cox, Eddie Smith, DeWayne Booker, Derrick McDaniel, William McGinnis, and Horace Gilbert.  (Doc. 73.)  On September 30, 2013, the Court granted summary judgment in favor of those Defendants, and denied summary judgment as to Defendant Kevin Roberts.  (Doc. 69 at 21.)  In the instant motion, Defendants request that the Court enter final judgment as to all Defendants in the above-captioned matter except Defendant Roberts.  The instant Motion was filed on October 31, 2013.  This Court's Local Rules provide an opposing party twenty-one days to file a response to a pending motion.  M.D. GA. L.R. 7.2.  The deadline to respond to the above-referenced Defendants' Motion for Entry of Final Judgment as to Fewer Than All Defendants (Doc. 73) expired on November 21, 2013.  The Docket in the above-captioned case shows that a response has not been filed.  (*See generally* Docket.)

When multiple parties are involved in an action, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  FED. R. CIV. PRO. 54(b).

1

Courts must follow a two-step process under Rule 54(b). *Curtiss-Wright Corp. v. General Elec. Co.* 446 U.S. 1, 7 (1980). First, the Court must determine whether there has been a "final judgment." *Id.* To be "final," there must have been an ultimate disposition of an individual claim. *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956). To be a "judgment," the decision must have been upon a "claim of relief." *Id.* Second, the Court must "determine whether there is any just reason for delay." *Curtiss-Wright*, 446 U.S. at 8. The second prong requires the Court "to balance judicial administrative interests and relevant equitable concerns." *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165-66 (11th Cir. 1997) (citing *Curtiss-Wright*, 446 U.S. at 8). The former factor guards "against piecemeal appeals," and the latter "serves to limit Rule 54(b) certification to instances in which immediate appeal would alleviate some danger of hardship or injustice associated with delay." *Id.* at 166 (citations omitted).

Because the Court granted summary judgment as to the above-referenced Defendants in Plaintiff's § 1983 action, the Court finds that there has been a final judgment rendered as to those Defendants. *See Tippens v. Celotex Corp.*, 805 F.3d 949, 951 n.1 (11th Cir. 1986). Also, the Court finds that there is no just reason for delay because the denial of summary judgment as to Defendant Roberts is appealable under 28 U.S.C. § 1291, and no other issues remain in this case as to the other Defendants. *See Valdes v. Crosby*, 450 F.3d 1231, 1235 (11th Cir. 2006) (citing *Cook v. Gwinnett Cnty. Sch. Dist.*, 414 F.3d 1313, 1315 (11th Cir. 2005)) ("While the general rule is that a denial of summary judgment is not ordinarily subject to immediate appellate review because it is not an appealable final judgment under 28 U.S.C. § 1291, 'a district court's order denying a defense of qualified immunity is an appealable final decision within the meaning of 28 U.S.C. § 1291 to the extent that it turns on a question of law.' ").

It being unopposed, and for good cause shown it is hereby **ORDERED** that the Court's September 30, 2013 Order (Doc. 69) granting Defendants' Motion for Summary Judgment as it related to Defendants Thompson, Cross, Jefferson, Battle, Cox, Smith, Booker, McDaniel, McGinnis, and Gilbert (Doc. 58) is a final judgment as to fewer than all Parties and there is no just reason for delay in certifying the Judgment as final and

immediately appealable.   Accordingly, **FINAL JUDGMENT** is entered in favor of Defendants Thompson, Cross, Jefferson, Battle, Cox, Smith, Booker, McDaniel, McGinnis, and Gilbert, and against Plaintiff.

**SO ORDERED**, this  13th  day of February 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**